# In the United States Court of Federal Claims

No. 17-1329

Filed: November 29, 2018

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ERNST & YOUNG, LLP, | |
| Plaintiff, | |
| v. | |
| THE UNITED STATES, | Jurisdiction; |
| | RCFC 12(b)(1) (Motion To Dismiss For |
| Defendant, | Lack Of Subject-Matter Jurisdiction); |
| | RCFC 52.2(b) (Order To Remand). |
| and | |
| PRICEWATERHOUSECOOPERS PUBLIC SECTOR, LLP, | |
| Defendant-Intervenor. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**FINAL ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

On September 25, 2017, Ernst & Young, LLP ("E&Y") filed a Complaint, under seal, in the United States Court of Federal Claims alleging that the United States Department of Veterans Affairs ("VA") improperly awarded a contract to PricewaterhouseCoopers Public Sector, LLP ("PwC"). ECF No. 1.

On September 27, 2017, PwC filed a Motion To Intervene. ECF No. 15. That same day, the court granted the Motion To Intervene. ECF No. 21.

On November 20, 2017, E&Y filed a Motion For Judgment On The Administrative Record. ECF No. 37.

On November 30, 2017, E&Y filed an Amended Complaint. ECF No. 43.

On December 8, 2017, the Government filed a Cross-Motion For Judgment On The Administrative Record And Response. ECF No. 45. That same day, PwC also filed a Cross-Motion For Judgment On The Administrative Record. ECF No. 46.

On December 14, 2017, E&Y filed a Reply And Response To The December 8, 2017 Cross-Motions. ECF No. 48.

On December 20, 2017, the Government and PwC each filed a Reply. ECF No. 50, 51.

On March 5, 2018, the court issued a Memorandum Opinion And Final Order Granting Plaintiff's Motion For Judgment On The Administrative Record In Part, that concluded:

> For the reasons discussed herein, Plaintiffs' November 20, 2017 Motion For Judgment On The Administrative Record is granted as to Counts I, II, IV, and, in part, III, and denied as to Count V; the Government's December 8, 2017 Cross-Motion For Judgment On The Administrative Record is denied; and, PwC's December 8, 2017 Cross-Motion For Judgment On The Administrative Record is denied.
>
> In addition, the VA's decision to award Order No. VA101F-17-J-3076 and [blanket purchase agreement ("BPA")] No. VA101F-17-A-3074 to PwC is set aside and this matter is remanded to the VA. As set forth in [Rule of the United States Court of Federal Claims ("RCFC")] 52.2(b)(1)(B), the remand will expire in six months, *i.e.*, on August 23, 2018, during which time the VA is enjoined from proceeding with performance under Order No. VA101F-17-J-3076 and BPA No. VA101F-17-A-3074. As set forth in RCFC 52.2(b)(1)(D), the Government is directed to report the status of this matter "every 90 days or less," until the remand expires.
>
> The Clerk is directed to enter judgment accordingly.

ECF No. 61 at 54 (quotations, not modifications, in original).

On March 6, 2018, a Data Quality Analyst in the Office of the Clerk of Court for the United States Court of Federal Claims sent a letter to the General Counsel of the VA advising him of the court's March 5, 2018 Memorandum Opinion. ECF No. 62.

On May 24, 2018, the Government submitted a Status Report reporting that the VA was "evaluating its current requirements." ECF No. 63 at 1.

On August 6, 2018, the Government submitted another Status Report reporting that the VA planned to issue "an amended solicitation for the BPA and task order," open to "the entities that previously submitted proposals." ECF No. 64 at 1–2.

On September 17, 2018, the Government filed a Motion To Dismiss for lack of subject matter jurisdiction, pursuant to RCFC 12(b)(1). ECF No. 65. The September 17, 2018 Motion To Dismiss represents that "the VA issued an amended solicitation to the entities that previously submitted proposals, including [E&Y], and the VA has given each entity the opportunity to review the relevant data that the VA identified as having been previously provided to PwC." ECF No. 65 at 3. "The amended solicitation closed on September 12, 2018," and the VA "expects to make an award by October 24, 2018." ECF No. 65 at 3. Therefore, the case is moot. ECF No. 65 at 5–6.

On September 21, 2018, E&Y filed a Response that "does not dispute that the VA has acted as the Court directed." ECF No. 66 at 2. But, the September 21, 2018 Response also represents that the VA "has not completed the re-competition and has not yet re-awarded the BPA and Order." ECF No. 66 at 3. For that reason, E&Y "believes that the Clerk should enter the judgement (sic) per the Court's [March 5, 2018 Memorandum Opinion] and note the status reporting obligations are at an end based on the passage of six months." ECF No. 66 at 3.

On October 5, 2018, the Government filed a Reply that reiterates the reason why this case is moot, *i.e.*, "E&Y concedes that it has already secured the relief that it sought." ECF No. 67 at 2. The October 5, 2018 Reply concludes:

> Though we do not believe that [E&Y] has shown that dismissal would have any prejudicial impact on its interests, the essential point is that the matter is concluded and should be closed on the Court's docket. The parties do not dispute as much, and we respectfully defer to the Court as to the best means to accomplish administrative closure of this matter, whether it be by dismissal for mootness or a renewed instruction to the clerk to enter judgment.

ECF No. 67 at 2.

On November 26, 2018, the court directed the Government to "submit an update on whether the VA has made the anticipated October 24, 2018 award." ECF No. 68 at 1.

On November 29, 2018, the Government reported that the VA "made the expected award on November 26, 2018" to Guidehouse LLP, formerly known as PwC. ECF No. 69 at 1.

The March 5, 2018 Memorandum Opinion And Final Order set aside and enjoined the VA from proceeding with Order No. VA101F-17-J-3076 and BPA No. VA101F-17-A-3074. ECF No. 61 at 54. Based on the Government's uncontested representation that the VA has complied with the March 5, 2018 Memorandum Opinion And Final Order, the court has determined that the November 30, 2017 Amended Complaint is moot. Therefore, the case must be dismissed. RCFC 12(b)(1).

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Senior Judge**